## George Auld, Appellant, v. Otis Elevator Company et al., Appellees.

### Gen. No. 15,411.

NEGLIGENCE—*when not established.* Actionable negligence is not shown if it appears from the evidence that the accident was of such a character that prudent men in the exercise of ordinary care would not reasonably have foreseen or anticipated it as liable to occur from the operation of the machinery in use.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed November 28, 1910.

**Statement by the Court.** Appellant brought an action on the case in the Superior Court for personal injuries against four defendants, discontinued as to two, and the case was submitted to the jury on the issues joined between plaintiff and the remaining two defendants, the appellees here.   The court, at the close of plaintiff's case, directed a verdict of not guilty as to both defendants, denied plaintiff's motion for a

new trial, and from the judgment on the verdict the plaintiff appealed.

A plant to consist of a number of large buildings was under construction for Sears and Roebuck. In one of such buildings was a boiler room 200 feet long from east to west, 58 feet wide, with brick walls 30 feet high and 17 inches thick. The frame of the building was of steel and was erected before the work on the walls began. It consisted of columns 16x12, 30 feet high, roof beams which rested on the columns and rafters. The columns were flush with the outside of the wall. In the boiler room was an electric crane. To support the rails on which the crane ran, beams were placed inside the north and south walls about twenty-five feet above the floor. One end of the beams was bolted to a column and the other supported by a bracket attached to the column. On the cross beams I beams were placed and on the I beams rails were laid. The bridge of the crane consisted of two steel girders three feet apart and extending across the room. At the ends of the girders were wheels which ran on the rails and were connected with a motor by which the bridge was moved north and south. Another motor, the cross traveler, ran on top of the girders of the bridge and connected with it was a hoist. The crane was a part of the permanent structure of the building, and by it an article could be hoisted in any part of the room, moved east or west by the cross traveler, and north or south by moving the bridge of the crane. Before the accident the south and east walls and the north wall to within about 50 feet of its west end had been completed. Plaintiff was in charge of fifteen brick layers who were working on the west wall and the unfinished portion of the north wall. For the brick layers working on the north wall a putlock scaffold about 15 feet high had been erected, which extended east about 50 feet from the west wall. In the completed portion of the wall was a terra cotta course about 18 inches high, the base of which was 45 inches below the

level of the crane rail, and it was intended to extend this course to the west end of the wall. The upper 5 feet of the west end of the completed portion of the wall was perpendicular and toothed. From its foot the wall descended by steps until the level of the wall where brick layers were at work was reached at the third column from the west. The distance between the end of the completed wall and the column was 5 feet and the descent in that distance about 4 feet. The west end of the wall was up nearly to a level with the bottom of the terra cotta course, and to ascertain the precise distance between the crane rail and the bottom of that course, so that he might direct his men where to set that course, plaintiff went on the wall to the west end of the completed portion to measure that distance. He made his measurements and started to go west down the steps of the unfinished wall. As he came near to the column he had hold of the rail with his left hand and the crane came from the west and a wheel ran over his hand and inflicted the injuries complained of. Plaintiff was employed by the Thompson Starrett Company, who were putting up the brick wall under a contract with the owner of the building. The Thomas Elevator Company operated a number of hoists in different buildings of the plant for hoisting materials, but such hoists were not connected in any way with the crane. The crane was used to move and set in place machinery for the Otis Company, which was installing machinery in the boiler room, and for other contractors for the same purpose. It was operated by Otto Bressert, whose wages were paid by the Thomas Company. When one of the contractors desired to have an article moved by the crane, a man representing the contractor gave signals with his hand to hoist, lower, move east or west, north or south, and Bressert obeyed such signals. In operating the crane Bressert walked on the floor of the building and operated the crane by ropes. At the time of the accident a pump was being moved by the crane for the Otis Company. The man who

gave the signals for that company to Bressert stood on the floor near the southwest corner of the building. The crane had moved west to a point near the west wall of the building, picked up the pump, and was moving east when the accident occurred.   From the evidence the jury might properly find that prior to the day of the accident the crane had not been moved west beyond the west end of the completed wall.   The afternoon before the accident Bressert extended the trolley further west, and after that and before the accident, the crane ran twice to a point near the west wall of the building.   At the time of the accident that part of the building where plaintiff was when injured was so filled with exhaust steam from an engine outside of the building as to prevent either the man who gave the signals or Bressert from seeing the plaintiff, and there is no evidence tending to show that either of them saw him or knew that he was on the wall.

CHARLES M. FOELL and EARL J. WALKER, for appellant.

EDDY, HALEY & WETTEN, for appellees; CHARLES H. PEGLER, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

That each contractor engaged in work on the building in question, or in installing machinery therein, owed to the servants of every other contractor engaged in work on such building the duty to use ordinary care to avoid injuring them, is conceded by appellees.

If the contentions of the appellant be admitted, that on the evidence in this case the question whether Bressert, who was employed and his wages paid by the Thomas Company, was operating the crane for that company, as its servant, in the prosecution of the business of that company, under such circumstances as to make that company liable for his negligence in such operation, if he was negligent, and the question whether, under the pleadings and evidence, the Otis

Company was liable to plaintiff for the negligent operation of the crane, if it was negligently operated, was also a question for the jury, the question remains whether on the evidence the jury might properly find that the crane was negligently operated.

The only work in progress at the time of the accident was the work of laying up the brick wall from the west end of that wall to the third column from the west. From that column east the wall rose by steps so that five feet east of the column it was about four feet higher than it was at and west of the column. The crane was eight or nine feet above the scaffold on which the bricklayers stood and could be moved without danger of injury to persons standing on the scaffold. Plaintiff went up the steps of the unfinished wall which led from the lower level to the higher, stood on the higher wall and made certain measurements. He then started to go back down the steps and in doing so placed his left hand on the crane rail, where it was run over and injured by the crane.

It was the duty of the person or persons operating the crane to guard against such accidents as could be foreseen as liable to occur, by the exercise of ordinary care. To hold that the jury might from the evidence in this case properly find that the operation of the crane was negligent, we must hold that they might properly find that the person or persons operating the crane could by the exercise of ordinary care have reasonably foreseen and anticipated not only that the plaintiff would go up the steps of the wall to such a height as that he could place his hand on the rail, but also that when in such position he would, although standing or walking on a wall seventeen inches thick, place his hand on the rail.

Our conclusion from the evidence is that the accident was of such a character that prudent men in the exercise of ordinary care would not reasonably have foreseen or anticipated it as liable to occur from the operation of the crane under the circumstances shown by the

evidence, and, consequently, that the evidence fails to show a negligent operation of the crane. As plaintiff's right of recovery, waiving all other questions, depended on proof of the negligent operation of the crane, it follows from what has been said, that in our opinion the verdict of not guilty as to both defendants was properly directed, and the judgment will be affirmed.

*Affirmed.*